SCHOOL DISTRICTS — ELIMINATION OF TEACHING POSITION — CHANGE OF POSITION FROM FULL TO PART TIME When a board of education of a school district, acting in good faith and for the best interests of the school district, eliminates a teaching position, it may legally not renew the contract of a tenured teacher selected pursuant to a reasonable plan or policy. When, upon a decrease in the number of pupils, a board of education, acting in good faith and for the best interests of the school district, changes a teaching position from full-time to part-time, the contract and salary of a tenured teacher selected pursuant to a reasonable plan or policy may be legally modified accordingly. The Attorney General is in receipt of your letter wherein you ask the following questions: 1. "Where a school district has been offering a certain subject area such as 'Home Economics', 'Agriculture' or 'Mathematics' and such subject has been taught by a teacher who has tenure under 70 O.S. 6-122 [70-6-122] and the Board of Education has eliminated the subject from their curriculum, may they also legally not renew the contract of the teacher?" 2. "Under similar circumstances, if the attendance has dropped to a level where it is feasible to teach a subject only one-half time, may the contract with the tenured teacher also be reduced to one-half time and the salary reduced accordingly ?" The grounds for nonrenewal of the contract of a teacher with tenure are enumerated at 70 O.S. 6-122 [70-6-122] (1975), which states, in part, as follows: "The failure by the board of education to renew the contract of any teacher who has completed three (3) years shall not be effective, and the contract shall be renewed unless the board causes to be served on the teacher a written statement of the causes for such action, which must include one of the following: immorality, wilful neglect of duty, cruelty, incompetency, teaching disloyalty to the American Constitutional system of government, or any reason involving moral turpitude. . . ." Attorney General's Opinion No. 73-141, 6 Okl.Op.A.G. 73, considered whether the causes set out for failure to renew a contract of a tenured teacher, and the grounds for dismissal of a teacher, 70 O.S. 6-103 [70-6-103] (1975) (which are identical to the causes for nonrenewal), constitute an exclusive enumeration of the grounds for terminating a teacher's employment. In regards to nonrenewal of a contract of a tenured teacher, the opinion states, at page 76, as follows: "The reemployment of a tenured teacher, however, may be refused by a board of education on grounds not included in the statute where such grounds are matters within the discretion of the board in determining the character of a school system it administers and are external to particular conduct of an individual teacher." The opinion concluded that: ". . . (T)he board of education may legally choose not to renew the contract of a tenured teacher where the board, in good faith, bases the nonrenewal on a loss of attendance, the lack of available funds caused by a reduction in federal funds or a mandatory retirement age policy." (page 76) This conclusion follows what appears to be the general rule that school boards may properly dismiss tenured teachers pursuant to justifiable decisions to reduce the number of teachers employed, although no statute specifically confers such right. An annotation at 100 A.L.R.2d 1141, entitled "Right to dismiss public school teacher on ground that services are no longer needed", states at page 1160 as follows: "Even though there exists no specific statutory authorization for the dismissal of tenure teachers for reasons not personal to the teacher, still, in the absence of any statute to the contrary, where the circumstances are such as to justify a reduction in the number of teachers employed, the school board, acting in good faith, may effect by appropriate means a reduction in the number of teachers employed, although as a result tenure teachers will be dismissed . . . ." For the purpose of answering the foregoing questions, it will be assumed that any elimination of a subject from a school's curriculum, or curtailment thereof, will not contravene the required courses of study proscribed by the State Board of Education. 70 O.S. 11-103 [70-11-103] (1975). The powers and duties of boards of education are stated at 70 O.S. 5-117 [70-5-117] (1975). Specifically granted powers are "to maintain and operate a complete public school system of such character as the board of education shall deem best suited to the needs of the school districts . . . to contract with and fix the duties and compensation of . . . teachers . . . and other necessary employees of the district . . ." These powers involve the exercise of judgment and discretion in the determination of the character of the system and the necessary personnel. A board of education may exercise this power, judgment and discretion, and eliminate a subject from the curriculum if such elimination is deemed best suited to the needs of the school district, and not in contravention of the statutes regarding required courses of study. Obviously, a board of education may not eliminate a subject or position solely for the purpose of not renewing the contract of a tenured teacher. However, if such elimination is made in good faith, and for the best interests of the school district, and the services of a tenured teacher are no longer needed, the board of education may legally not renew the contract of such a teacher. Nonrenewal of a contract of a tenured teacher, for reasons not personal to the teacher, is one of the rights which boards of education derive by implication from the express grant of power to operate and maintain a complete public school system of a character deemed best suited to the needs of the school district. The answer to the second question is based upon the same consideration and reasoning set out above. One of the rights boards of education derive by implication from the aforesaid expressed powers is to contract with and fix the duties of the personnel deemed necessary and best suited to the needs of the school district. As stated in Attorney General's Opinion No. 73-141, supra, a board of education may legally choose not to renew the contract of a tenured teacher where the board, in good faith, bases the nonrenewal on a loss of attendance. It, therefore, follows that boards of education may convert positions of tenured teachers from full-time to part-time when done so in good faith. Accordingly, when, because of a decrease in the number of pupils, there is no further need for a teaching position to be full-time, the contract and the salary of a tenured teacher occupying such position may be legally modified accordingly. See Mann v. Nyquist, 71 N.Y. Misc.2d 435, 336 N.Y.2d 270 (1972), and Sinapkin v. Nyquist, 68 N.Y. Misc.2d 214, 325 N.Y. Supp. 823 (1971). No opinion is expressed regarding whether a school district employee occupying a particular position that is eliminated or converted to part-time basis is the employee that may be discharged or converted to part-time employment. The Oklahoma law is silent as to the manner of selecting the particular teacher or teachers to be discharged or so converted upon discontinuance or modification of a position, either between tenured teachers or between tenured and nontenured teachers. The Oklahoma tenure statutes (70 O.S. 6-122 [70-6-122] and 70 O.S. 6-122.1 [70-6-122.1] (1975)) do not contain rights by virtue of seniority. Rights depending upon seniority are matters of contract and, aside from contract, there is no inherent or fundamental right to preference by virtue of seniority in service. See, State v. Board of Education of City of Duluth,213 Minn. 550, 7 N.W.2d 544 (1943). However, the principal purpose of the tenure statutes is to secure permanency in the teaching force. Accordingly, a tenured teacher whose position is discontinued or modified would be entitled to replace a nontenured teacher teaching a subject within said tenured teacher's principal area of competence, certified training, qualification, and interest. If only tenured teachers are involved, the Board of Education must use its discretion in selecting the tenure teacher to nonrenew or convert to part-time employment. Nevertheless, the manner of selecting the particular teacher or teachers that will be so affected cannot be fraudulent, arbitrary, or unreasonable, but must be pursuant to a reasonable plan or policy to accomplish that purpose, taking into consideration all facts and circumstances bearing a direct, special and substantial relationship to the question to be decided. It is, therefore, the opinion of the Attorney General that your question be answered as follows: When a board of education of a school district, acting in good faith and for the best interests of the school district, eliminates a teaching position, it may legally not renew the contract of a tenured teacher selected pursuant to a reasonable plan or policy. When, upon a decrease in the number of pupils, a board of education, acting in good faith and for the best interests of the school district, changes a teaching position from full-time to part-time, the contract and salary of a tenured teacher selected pursuant to a reasonable plan or policy may be legally modified accordingly. (HAROLD B. McMILLAN, JR) (ksg) ** SEE: OPINION NO. 79-151 (1979) **